**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THEMBA BERNARD SANGANZA,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:25-1619** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN J. GREENE,** | : | |
| **Respondent** | : | |

# MEMORANDUM

Presently before the court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241. Petitioner, Themba Bernard Sanganza, asserts that the United States Bureau of Prisons ("BOP") is improperly deeming him ineligible for transfer to prerelease custody—and accordingly refusing to apply credits towards prerelease custody that he has earned under the First Step Act—because he has an immigration detainer. The petition will be dismissed without prejudice for lack of jurisdiction because it is not yet ripe and therefore does not present a live case or controversy.

## I. Background

Sanganza is serving a federal criminal sentence in Allenwood Low Security Correctional Institutional ("LSCI-Allenwood") for mail fraud and bank fraud. (Doc. 9-2 ¶3). His projected release date via good conduct time is March 17, 2028.

Sanganza filed the instant case on August 21, 2025, and the court received and docketed his petition on August 29, 2025. (Doc. 1). Respondent responded to the petition on December 22, 2025. (Doc. 9). Respondent notes that Sanganza has not yet been assessed for possible placement in prerelease custody because he would not be eligible for prerelease custody until 12 months before his projected release date and that he is scheduled to be assessed for prerelease custody 17-19 months before his projected release date. (*Id.* at 6). Respondent argues that the petition should be denied because Sanganza failed to exhaust administrative remedies, the court lacks jurisdiction over his petition, and his claims fail on their merits. (*Id.* at 7-18). Sanganza filed a reply brief in support of his petition January 9, 2026. (Doc. 9). Respondent then withdrew his jurisdictional argument, noting that because of a recent change in legal position by the United States Solicitor General, the jurisdictional argument no longer accurately reflects the government's position. (Doc. 12).

## II. Discussion

Sanganza's petition is based on the FSA, which generally allows inmates to earn time credits towards their sentence for completion of certain programming that may be applied towards early release and time in prerelease custody. *See generally* 18 U.S.C. §3632.

Notwithstanding the provisions of the FSA, transfer of BOP prisoners to prerelease custody is generally governed by 18 U.S.C. §3624 and 18 U.S.C. §3621, under language originally passed as part of the Second Chance Act of 2007. Section 3624 states, in relevant part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. §3624(c)(1). The decision whether to transfer an inmate to prerelease custody is left to the discretion of the BOP. 18 U.S.C. §3624(c)(4). When exercising this discretion, the BOP must conduct an individualized assessment of whether an inmate should be transferred to prerelease custody based on the following factors:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

*Id.* §3621(b); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 247 (3d Cir. 2005).

There is a significant split of authorities in this district and other districts in this circuit on how the First Step Act interacts with the Second Chance Act, including whether courts have jurisdiction over petitions seeking transfer to prerelease custody, whether exhaustion of administrative remedies is required in these cases, and how to handle the merits of the petitions. *See Miers-Garces v. Greene*, No. 1:25-CV-2444, 2026 WL 27185, at *2-5 (M.D. Pa. Jan. 5, 2026) (discussing split and citing several relevant authorities taking different positions on relevant issues).

This court does not need to wade into this split because regardless of whether courts may exercise jurisdiction over claims seeking to apply FSA credits towards prerelease custody generally and whether exhaustion of administrative remedies is necessary in such cases, Sanganza's petition does not present a ripe case or controversy.

Under Article III of the United States Constitution, federal courts may only exercise subject matter jurisdiction over live "Cases" or "Controversies." Under the ripeness doctrine, a case does not present a case or controversy "if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted) (quoting *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580-81 (1985)). "At its core, ripeness works

'to determine whether a party has brought an action prematurely and counsels abstention until such a time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'" *Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 539 (3d Cir. 2017) (internal alterations omitted) (quoting *Peachlum v. City of York, Pa.*, 333 F.3d 429, 433 (3d Cir. 2003)).

This case is not ripe.[1] Sanganza has not yet been assessed for placement in prerelease custody because he is not scheduled for release until March 2028. (*See* Doc. 9-2 ¶3; Doc. Doc. 9-5 at 4). There is thus no official action by the BOP regarding whether he should be placed in prerelease custody for this court to review. Because the court's review is entirely dependent on this contingent future event, the court will dismiss this case without prejudice as unripe.

---

[1] Although respondent did not explicitly assert a ripeness argument, this court can—and must—consider the issue *sua sponte*. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented. (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002))).

## III. CONCLUSION

For the foregoing reasons, the court will dismiss the petition for writ of habeas corpus without prejudice as unripe. An appropriate order shall issue.

**Malachy E. Mannion**
**United States District Judge**

**Dated:** 8/19/26
25-1619-01